| | | |
|---|---|---|
| STATE OF NORTH CAROLINA | FILED | IN THE GENERAL COURT OF JUSTICE SUPERIOR COURT DIVISION |
| LEE COUNTY | 2013 AUG 22 PM 2:07<br>LEE COUNTY, C.S.C.<br>BY _____ | 13 CVS _____<br>13CV 00761 |

STEVE ELLIS,

    Plaintiff,

vs.

JOHNSON & JOHNSON, INC.,
DePUY ORTHOPAEDICS, INC.,
DR. THOMAS PARKER VAIL, M.D.,
and VAIL CONSULTING, LLC,

    Defendants.

**COMPLAINT**

    COMES NOW the Plaintiff, Steve Ellis, by and through the undersigned, complaining of Defendants Johnson & Johnson, Inc., DePuy Orthopaedics, Inc., Dr. Thomas Parker Vail, M.D., and Vail Consulting, LLC, and alleges and says:

### PARTIES, JURISDICTION, AND VENUE

1.     The Plaintiff, Steve Ellis, is a citizen and resident of Sanford, Lee County, North Carolina.

2.     Defendant Johnson & Johnson, Inc. is a corporation organized and existing under and by virtue of the laws of the State of New Jersey. At all times relevant hereto, Defendant Johnson & Johnson, Inc. and/or its subsidiaries have conducted business in the State of North Carolina and have generated substantial income here.

3.     Defendant DePuy Orthopaedics, Inc. is a corporation organized and existing under and by virtue of the laws of the State of Indiana, and is a wholly-owned subsidiary of Defendant Johnson & Johnson, Inc. and/or its subsidiaries. At all times relevant hereto, Defendant DePuy Orthopaedics, Inc. has conducted business in the State of North Carolina and has generated substantial income here.

4.     Defendant Dr. Thomas Parker Vail, M.D. is, presently and upon information and belief, a citizen and resident of San Francisco, California. He is, upon information and belief, neither a minor nor an incompetent person. At all times relevant hereto, Defendant Dr. Thomas Parker Vail, M.D., individually and as the sole owner of Defendant Vail Consulting, LLC, participated in and contributed to the design, development, sale, and promotion of the DePuy ASR system, and received substantial income from the sale and use of the DePuy ASR system.

5.     Defendant Vail Consulting, LLC is a business organized and existing under and by virtue of the laws of the State of North Carolina. Defendant Vail Consulting, LLC, by and through its sole owner, Defendant Dr. Thomas Parker Vail, participated in and contributed to the design,

development, sale, and promotion of the DePuy ASR system, and received substantial income from the sale and use of the DePuy ASR system. Its registered agent for service of process is Defendant Dr. Thomas Parker Vail.

6. At all times relevant hereto, Defendants Johnson & Johnson, Inc., DePuy Orthopaedics, Inc., Dr. Thomas Parker Vail, M.D., and Vail Consulting, LLC (hereinafter referred to collectively as "Defendants") were doing, and continue to do, business throughout the United States, including the State of North Carolina.

7. At all times relevant hereto, Defendants, either directly or through their agents, designed, developed, researched, tested, manufactured, labeled, distributed, and sold the DePuy ASR system, and instructed physicians throughout the United States, including the State of North Carolina, regarding their methods and techniques for implanting the DePuy ASR system.

## GENERAL ALLEGATIONS

8. The Plaintiff reincorporates and re-alleges paragraphs one through seven above as if fully set forth herein.

9. Defendants distributed their products, including the DePuy ASR system, into the stream of commerce throughout the United States, including the State of North Carolina.

10. On or about December 14, 2006, the Plaintiff underwent a total left hip replacement at Moses Cone Medical Center in Greensboro, North Carolina, where he was fitted and implanted with the DePuy ASR system.

11. On or about December 14, 2006, Defendants' products, including the DePuy ASR system, were made available, sold, and provided to the Plaintiff.

12. As a direct and proximate result of the above, the Plaintiff experienced pain and suffering and incurred other damages more explicitly set forth hereinafter.

## COUNT I – PRODUCT LIABILITY AND STRICT PRODUCT LIABILITY

13. The Plaintiff reincorporates and re-alleges paragraphs one through 12 above as if fully set forth herein.

14. At all time, Defendants had a duty to place into the stream of commerce products that were not defective and unreasonably dangerous when used for their intended purposes.

15. The DePuy ASR system manufactured and distributed by Defendants was unfit for the purpose for which it was intended and was otherwise defectively designed and manufactured, a breach of Defendants' duty that lead directly to the complications suffered by the Plaintiff.

16. Defendants distributed the faulty DePuy ASR system with the knowledge that it would be used for hip replacement surgery, such as the one the Plaintiff underwent, and that its failure would result in injury to patients, such as the Plaintiff, a breach of Defendants' duty that lead directly to the complications suffered by the Plaintiff.

17. The defective design and manufacture of the DePuy ASR system was known or should have been known to Defendants, and said defects should have been corrected by Defendants, a breach of Defendants' duty that lead directly to the complications suffered by the Plaintiff.

18. As a direct and proximate result of the acts and/or omissions of Defendants, and with no negligence on the part of the Plaintiff contributing thereto, the Plaintiff experienced pain and suffering and incurred other damages more explicitly set forth hereinafter.

## COUNT II – NEGLIGENCE

19. The Plaintiff reincorporates and re-alleges paragraphs one through 18 above as if fully set forth herein.

20. At all times, Defendants had a duty to exercise due care in the designing, manufacturing, testing, distributing, marketing, promoting, and selling of the DePuy ASR system, and to ensure that the DePuy ASR system would be safe for its intended use.

21. Defendants negligently designed the DePuy ASR acetabular component so that increased metal-on-metal wear and corrosion resulted from improper contact between the acetabular and femoral components, a breach of Defendants' duty that lead directly to the complications suffered by the Plaintiff.

22. Defendants negligently misrepresented material facts about DePuy ASR system safety by claiming the DePuy ASR system was subjected to adequate testing to ensure safety when, in fact, the DePuy ASR system had not undergone adequate testing, a breach of Defendants' duty that lead directly to the complications suffered by the Plaintiff.

23. Defendants knew, or should have known, that foreseeable use of the DePuy ASR system posed a hidden, latent and otherwise unobvious risk of danger to patients and, on August 24, 2010, recalled their product, a breach of Defendants' duty that lead directly to the complications suffered by the Plaintiff.

24. Defendants had reason to know by introducing the DePuy ASR system into the stream of commerce that the Plaintiff, as a member of the general public, was a foreseeable user of their product, a breach of Defendants' duty that lead directly to the complications suffered by the Plaintiff.

25. As a direct and proximate result of the negligence of Defendants, and with no negligence on the part of the Plaintiff contributing thereto, the Plaintiff experienced pain and suffering and incurred other damages more explicitly set forth hereinafter.

## COUNT III – BREACH OF WARRANTY

26. The Plaintiff reincorporates and re-alleges paragraphs one through 25 above as if fully set forth herein.

27. Defendants manufactured and distributed the DePuy ASR system with knowledge of its intended

use for implantation as a hip replacement.

28. When Defendants manufactured and distributed the DePuy ASR system, the Plaintiff was a foreseeable user of their product.

29. When Defendants manufactured and distributed the DePuy ASR system, they expressly and/or impliedly warranted that their product was safe and merchantable for its intended use and was otherwise subject to an express and/or implied warranty of merchantability.

30. The Plaintiff and his implanting surgeon reasonably relied upon the representation by Defendants that the DePuy ASR system was of merchantable quality and safe for its intended use.

31. In breach of these expressed and/or implied warranties, Defendants manufactured and distributed the DePuy ASR system, which was not of merchantable quality, was not safe for its intended use, was defective at the time of its sale and implantation, and otherwise did not comply with expressed and/or implied warranties.

32. As a direct and proximate result of the acts and/or omissions of Defendants, and with no negligence on the part of the Plaintiff contributing thereto, the Plaintiff experienced pain and suffering and incurred other damages more explicitly set forth hereinafter.

## COUNT IV – PLAINTIFF'S DAMAGES

33. The Plaintiff reincorporates and re-alleges paragraphs one through 32 above as if fully set forth herein.

34. The Plaintiff has endured and continues to endure pain in his hip and groin area as a result of the implanted DePuy ASR system. The Plaintiff has received the results from numerous blood screenings to examine the metal levels in his blood and they continue to slowly rise. As of November 16, 2011 his Chromium level was 3.2 ppb and his Cobalt level was also 3.2 ppb.

35. As a result of the recalled DePuy ASR system, the Plaintiff has undergone and will continue to undergo regular MRI examinations and blood work in order to evaluate his current condition and screen him for the necessity of a revision surgery in the future for the purpose of correcting the damage done by the Defendants' product.

36. The Plaintiff has been warned by his Orthopaedic physician of the possible future need for a revision surgery due to the complications of Metalosis associated with the DePuy ASR system.

37. The Plaintiff lives every day in pain, but also with the anxiety associated with the knowledge that the DePuy ASR system may cause further complications at any given time. The Plaintiff is always concerned whenever he experiences a symptom that it may be a sign of a much more serious and completely possible complication.

38. The Plaintiff reserves his right to amend this Complaint at any time and to seek further damages in the future if a revision surgery does in fact become necessary and unavoidable.

WHEREFORE, the Plaintiff, Steve Ellis, prays the Court that:

1. Plaintiff recovers from Defendants, jointly and severally, compensatory damages in an amount in excess of $10,000.00;

2. Plaintiff recovers the cost of suit incurred herein as allowed by law;

3. Plaintiff recovers the prejudgment interest on any judgment or verdict from the date of filing as allowed by law;

4. Plaintiff recovers attorney fees as allowed by law; and

4. Plaintiff has such other and further relief as the Court may deem just, proper, and equitable.

This is the 20 day of August, 2013.

Lawrence Egerton, Jr.
Attorney for Plaintiff
Bar No: 1317
le@egertonlaw.com

Kurt B. Aktug
Attorney for Plaintiff
Bar No: 24089
kurt@egertonlaw.com

**EGERTON & ASSOCIATES, P.A.**
222 Commerce Place
P.O. Box 1920
Greensboro, NC 27402
Tel: 336-273-0508
Fax: 336-273-0562